**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SAM GAMMICCHIA,

    Petitioner,

-vs-

                         Civil No. 5: 07-13784
                         HONORABLE JOHN CORBETT O'MEARA
                         UNITED STATES DISTRICT COURT

C. EICHENLAUB,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

Sam Gammicchia, (petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan [FCI-Milan], has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**I. Background**

Petitioner was convicted of obstruction of justice, pursuant to 18 U.S.C. § 1503(a), in the United States District Court for the Northern District of Illinois. Petitioner was sentenced on August 16, 2006 to a 30-month term of imprisonment and two

1

years' supervised release. Petitioner's sentence was affirmed on appeal. *United States v. Gammichia,* 498 F. 3d 467 (7th Cir. 2007). The Seventh Circuit, in affirming petitioner's sentence, summarized the facts of petitioner's case as follows:

> The defendant was a political appointee in the office of the Clerk of the City of Chicago, James Laski, a codefendant. In the course of a grand jury investigation into the acceptance of bribes that the Clerk had received from Michael Jones and others, the defendant assisted Laski in trying to persuade Jones's wife to testify falsely. Later, fearing that Jones and his wife were cooperating with the prosecutors (they were), the defendant threatened Michael Jones, saying "if I go to jail, you have to go under witness protection."
>
> The defendant pleaded guilty to obstruction of justice, and his guidelines range was enhanced to reflect his having threatened Jones. The enhanced range was 30 to 37 months, and the judge sentenced the defendant to 30 months.
>
> *Id.* at 468.

Petitioner began participating in the Bureau of Prisons' Residential Drug Abuse Program (RDAP) on December 29, 2006. Petitioner was subsequently informed that he was ineligible for the early release provision of 18 U.S.C.§ 3621(e).

Petitioner now seeks habeas relief on the following ground:

The Bureau of Prisons' decision to deny petitioner early release benefits under 18 U.S.C.§ 3621(e) denied petitioner his equal protection rights under the Equal Protection Clause.

## II. DISCUSSION

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is

being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may, in its discretion, reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.
> *Id.*

To provide guidelines for the implementation of the early release program, the BOP adopted 28 C.F.R. § 550.58. This regulation states in pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> * * *
>
> (vi) Inmates whose current offense is a felony:
>
> * * *
>
> (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another . . ..
>
> 28 C.F.R.§ 550.58 (a)(1)(vi)(A).

In *Lopez v. Davis*, 531 U.S. 230, 238-245 (2001), the Supreme Court upheld § 550.58 and determined that the BOP, pursuant to its discretion to prescribe additional early release criteria, is entitled to categorically exclude certain inmates from early release. The Supreme Court stated that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb." *Id*. at 242. "The Bureau may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility." *Id* at 243. Moreover, the Supreme Court rejected the argument that the BOP was required under § 3621(e) to make a case by case assessment of eligibility for early release. *Id.* at 243-244.

In the present case, petitioner was convicted of obstruction of justice, based upon his making of a threat to a witness. Petitioner's offense level was enhanced by the sentencing judge under USSG § 2J1.2(b)(1)(A) because his obstruction of justice offense involved threatening a cooperating grand jury witness. Because the threatened use of physical force against another person or property is one of the criteria that categorically excludes an inmate from eligibility for the one year sentence reduction under § 3621(e), the BOP justifiably denied petitioner's request for early release pursuant to § 550.58 (a)(1)(vi)(A). *Perez,* 157 F. Supp. 2d at 794-95.

Petitioner's equal protection claim is also without merit. In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment, a claimant must allege

that a state actor intentionally discriminated against him or her because of membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F. 2d 332, 341 (6th Cir. 1990). Prisoners are not a suspect class under equal protection principles. *See Carnes v. Engler,* 76 Fed. Appx. 79, 81 (6th Cir. 2003); *Hadix v. Johnson,* 230 F. 3d 840, 843 (6th Cir. 1998); *Perez,* 157 F. Supp. 2d at 795. In the present case, petitioner's equal protection claim is without merit, because he has failed to allege any facts which show that the BOP intentionally discriminated against him on the basis of his membership in a protected class, such as race, religion, or nationality. *Carnes*, 76 Fed. Appx. at 81; *See also Swant v. Hemingway*, 23 Fed. Appx. 383, 384 (6th Cir. 2001)(exclusion of inmate whose drug sentence included a weapon enhancement from eligibility under § 3621(e) for successfully completing a drug treatment program did not violate equal protection).

Moreover, petitioner offers no allegations that other prisoners convicted of obstruction of justice for threatening a witness who have entered a substance abuse treatment program have been granted a one year sentence reduction upon completion of that program. Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Perez,* 157 F. Supp. 2d at 795. Because petitioner has failed to show that similarly situated prisoners have been denied a sentence reduction, petitioner is not entitled to habeas relief on his clam.

## III. ORDER

Accordingly, the Court **DENIES** the petition for writ of habeas corpus. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *See Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), *Hervey v. United States*, 105 F. Supp. 2d 731, 736 (E.D. Mich. 2000), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

s/John Corbett O'Meara
United States District Judge

Date: November 20, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 20, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager